ZULMA STEFFENS, Petitioner and Appellee, *v.* HEIRS OF MIGUEL SOLER, Respondents and Appellants.

No. 3931. Argued June 14, 1926.—Decided July 6, 1926.

Besosa & Besosa for the appellants. *Angel A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appeal in this case must be dismissed. In a proceeding to obtain a dominion title the District Court of Mayagüez on February 19, 1926, issued an order wherein it said that the law and the facts were in favor of complainant and against respondents; that the opposition of the Succession of Miguel Soler should be dismissed and costs taxed against them. The court further ordered that the case be referred to the *fiscal* for report. On the 2nd of March, 1926, the *fiscal* filed his report saying he had no objection to the granting of the title.

On the 8th of March, 1926, the court filed an opinion wherein it found in effect that the aforesaid succession had not justified its claim of title and that the complainant had proved her own claim. Therefore the court ordered a rendition of judgment with costs against the said succession. Accordingly on the same day, the eighth of March, 1926, a formal judgment was duly recorded by the secretary of the District Court of Mayagüez.

Then in the record appears the following notice of appeal:

"Now comes before this court the Succession of Miguel Soler, respondent in this case, by its attorneys Besosa & Besosa, and respectfully appeals to the Supreme Court of Porto Rico from the order rendered in this case on February 19, 1926."

The complainant moves to dismiss the appeal on the very simple and fundamental ground that the record does not disclose an appeal from the only judgment rendered in the case. The appellants defend on the ground that the notice contained a clerical error.

■ If one examines the notice, it specifically appears that the appeal was taken not from any judgment, but from the order of February 19, 1926. The notice does not refer to any action of the court taken on March 8th. If the notice had referred to a "judgment" or mentioned the correct date of the action of the court, there might perhaps be room to maintain that a clerical error had been committed. As it was the judgment was not identified in the notice of appeal. More positively the intention appears clearly to appeal from the interlocutory order of February 19, 1926. Color is lent to the idea of an appeal from the interlocutory order, inasmuch as that order itself revealed a decision of the court against the appellants. Nevertheless, no formal judgment order was entered until March 8, 1926.

■ As in this class of proceedings an appeal may be taken only from a final judgment, the motion must prevail and the appeal be dismissed. ·